PER CURIAM.
The appellant was charged in two in-formations with the crime of robbery. In one it was alleged that money taken by force was the property of Burger King Corporation, and in the other that money taken was the property of Royal Castle System, Inc. The defendant pleaded not guilty and waived jury trial. The cases were consolidated and tried in the criminal court of record in Dade County. The defendant was adjudged guilty, and concurrent sentences of fifteen years confinement were imposed. Whereupon, the defendant appealed.
The contention presented is that the state failed to prove the allegations as to ownership of the money or property involved. We find the contention to be without merit, and affirm.
The state introduced into evidence, over objections of the defendant, certificates of the Secretary of State, relating to the two corporations, each stating that the corporation was duly organized and existing under the laws of the State of Florida according to the records of his office. The position of the appellant is that the trial court was in error in overruling his objections to those certificates, contending they did not certify to official acts occurring in the course of official business in the office of the Secretary of State, and therefore did not qualify under § 92.18 Fla.Stat., F.S.A.[1] *504 We find merit in the argument of the state that the certificates were in compliance with the statute and admissible in evidence because indirectly, if not expressly, they referred to the official act of the Secretary of State in having qualified the corporations. Moreover, the state presented other evidence in support of each of the informa-tions, through the testimony of employees of the victims that the money taken was that of the parties alleged.
No reversible error having been made to appear, the judgments in cases Nos. 66-568 and 66-569 are affirmed.
Affirmed.

. “The certificate of any state officer, under his seal of office, as to any official act occurring in the course of the official business of the office in which he presides, shall be prima facie evidence of such fact.”